IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| GARY W. CLEM, INC. d/b/a, ALMACO, <br><br> Plaintiff, <br><br> vs. <br><br> OXBO INTERNATIONAL CORPORATION, <br><br> Defendants. | Civil Action No.  16-398 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Gary W. Clem, Inc. d/b/a. ALMACO (hereinafter "ALMACO" or "Plaintiff"), by and through its undersigned attorneys for its Complaint against Defendant, Oxbo International Corporation (hereinafter "Oxbo" or "Defendant"), alleges as follows:

**PARTIES**

1.      ALMACO is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business at 99 M Avenue, Nevada, IA 50201.

2.      Upon information and belief, Oxbo is a Delaware Corporation, with a principal place of business located at 7275 Batavia-Byron Road, Byron, New York 14422, and is doing business in this judicial district and elsewhere.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this actin arises under the Patent Laws of the United States, 35 U.S.C. § 271.

4.      Personal jurisdiction of the Defendant is proper in this Federal District pursuant to 28 U.S.C. § 1391(c) in that Defendant has conducted business, committed acts of infringement, and continues to commit acts of infringement in this District.

5.      Venue is proper in this district based on 28 U.S.C. § 1391.

## BACKGROUND FACTS

6.      On June 27, 2004, Brian W. Carr, Donald F. Handorf, Peter B. Moore, Nick Merfeld, Scott A. Sporrer, Curtis R. Hammer, and Gary W. Clem filed a continuation application for a United States patent for a "Method and Apparatus for Continuously Harvesting Grain from a Row of Mature Grain Plants Comprised of Plant Segments and Alley Segments," which claimed the benefit of earlier filed application U.S. Serial No. 10/663,512 filed September 16, 2003, which is a continuation of application U.S. Serial No. 60/454,122 filed March 12, 2003

7.      Resulting from this application, U.S. Patent No. 7,398,636 (the '636 Patent) was duly and legally issued on July 15, 2008.  A copy of the '636 Patent is attached as **Exhibit A**.

8.      By Assignment, ALMACO is the owner of the '636 Patent and has the right to enforce the '636 Patent and collect damages for all relevant times.

9.      Pursuant to 35 U.S.C. § 282, the '636 Patent is presumed valid.

## COUNT I:  FEDERAL PATENT INFRINGEMENT OF U.S. PATENT NO. 7,398,636 (35 U.S.C. § 271)

10.      Plaintiff repeats, re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

11.      Oxbo manufactures and sells a harvesting device.  In manufacturing and selling this device, Oxbo is infringing directly, by inducement, or by contributing to the infringement of at least one or more claims of the '636 Patent.

12.     As a result of Defendant's infringing conduct, the Defendant has damaged ALMACO.  Oxbo is liable to ALMACO in an amount that adequately compensates ALMACO for Oxbo's infringement, which by law, can in no event be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13.     As a consequence of Oxbo's infringement of the '636 patent, ALMACO has been irreparably damages and such damage will continue without the issuance of an injunction by this Court under 35 U.S.C. § 283.

14.     The infringement by Oxbo has been willful and deliberate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable by a jury.

**WHEREFORE**, Plaintiff, Gary W. Clem, Inc. d/b/a. ALMACO, requests entry of judgment in its favor against Defendant, Oxbo International Corporation, as follows:

a.      A declaration that Oxbo has infringed the '636 patent.

b.      A preliminary and permanent injunction enjoining Oxbo and its officers, agents, employees, and those acting in privity with it, from further infringement, contributory infringement and /or inducing infringement of the '636 patent.

c.      An award of damages arising out of the infringement of the '636 patent by Oxbo, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest in an amount according to proof.

d.      An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

e.      For such other costs and further relief as this Court may deem just and proper.

Dated:  June 30, 2016.

By:    <u>/s/Timothy J. Zarley</u>
        Timothy J. Zarley
        Iowa Bar No. 15785
        ZARLEY LAW FIRM, P.L.C.
        400 Locust Street
        Capital Square, Suite 200
        Des Moines, IA 50309-2350
        Telephone:  (515) 558-0200
        Facsimile:   (515) 558-7790
        E-mail address:  tzarley@zarleylaw.com
        **Attorney For Plaintiff**
        **Gary W. Clem, Inc. d/b/a. ALMACO**